IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAY TATUM,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID MOORE, individually and in his capacity as a Provo City Police Officer; and PROVO CITY CORP., a subdivision of the State of Utah,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND AND MOOTING MOTION TO DISMISS AND MOTION TO STRIKE<br><br><br>Case No. 2:10-CV-1126 TS |

Plaintiff brings a § 1983 complaint alleging excessive force in connection with the use of a taser during an arrest. Defendant Provo City corporation (the City) moves to dismiss for the failure to state a claim. Plaintiff opposes the Motion to Dismiss. He relies, in part, on several exhibits, including a Report and an Affidavit. Plaintiff also seeks leave to amend his complaint to add factual support to his claim against the City. Among the factual allegations he seeks to add are facts that he alleges he discovered after filing his original Complaint.

1

The City opposes the Motion to Amend and also argues that, by submitting additional materials, Plaintiff has converted the City's Motion to Dismiss into one for summary judgment. In support of its argument for dismissal, the City submits its own affidavit. The City also argues that the facts relied upon by Plaintiff are immaterial and irrelevant, are hearsay, and/or are inadmissible character evidence. The City moves to strike the Affidavit and the Report attached to Plaintiff's Opposition to the City's Motion to Dismiss. In reply, Plaintiff submits several exhibits in support of his position that his proposed amended complaint's factual allegations state a plausible claim because they are based on such things as the transcripts of his preliminary hearing.

The Court will grant the Motion to Amend. At this stage, leave to amend should be freely given "when justice so requires."[1] In support of its arguments that the proposed amended complaint should not be filed because it also fails to state a claim, the City relies on and attach matters outside of the pleadings. Similarly, in his Reply in support of his Motion for Leave to Amend, Plaintiff submits several exhibits outside of the pleadings.

Unlike a Motion to Dismiss, there is no provision for converting a Motion for Leave to Amend to a motion for summary judgment when matters outside the pleadings are attached and not excluded by the Court. Because the City's arguments and Plaintiff's reply brief rely on matters outside the pleadings, the Court cannot determine at this time if filing the proposed amended complaint would be futile. Therefore, it will grant leave to file the proposed amended complaint.

---

[1] Fed. R. Civ. P. 15(a)(2).

Because there will be an amended complaint, the current Motion to Dismiss and the Motion to Strike the Report and Affidavit submitted by Plaintiff in support of his original claim are moot. It is therefore

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 11) is GRANTED and Plaintiff shall file his amended complaint within 14 days of the entry of this order. It is further

ORDERED that Defendant Provo City's Motion to Dismiss (Docket No. 7) and Motion to Strike (Docket No. 14) are MOOT.

DATED May 5, 2011.

BY THE COURT:

_____
TED STEWART
Chief United States District Judge