IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RAY TATUM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID MOORE, et al.,<br><br>　　　　Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-01126-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I.　　INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 42; 43.) Plaintiff is Ray Tatum. Defendants are: (1) David Moore, sued individually, and in his capacity as a Provo City police officer; and (2) Provo City Corporation, a subdivision of the State of Utah. The Court considers a motion to withdraw filed by Plaintiff's counsel. (Dkt. Nos. 42; 43.) For the reasons set forth below, the Court **DENIES** the motion at this time.

## II.　　PROCEDURAL HISTORY

Plaintiff filed his original complaint on November 15, 2010. (Dkt. No. 2.) On May 16, 2011, Plaintiff filed an amended complaint, alleging four causes of action. (Dkt. No. 19.) On February 19, 2013, the trial date was vacated pending District Judge Robert J. Shelby's decision on Defendants' summary judgment motion (Dkt. No. 31). On July 29, 2013, District Judge Shelby granted Defendants' summary judgment motion on Plaintiff's second, third, and fourth causes of action. (Dkt. No. 40.) However, he denied the motion on Plaintiff's first cause of

action because "material issues of fact" precluded summary judgment. (*Id.* at 4.)[1]  Also in his July 29, 2013 decision, District Judge Shelby ordered the parties "to attempt mediation" within forty-five days. (*Id.*)  To this Court's knowledge, the parties have yet to mediate.

### III.    ANALYSIS OF COUNSEL'S MOTION TO WITHDRAW

In a civil case, the district court retains discretion to grant or deny an attorney's motion to withdraw.  *Abell v. Babbit*, No. 98-2315, 1999 WL 215403, at *2 (10th Cir. Apr. 14, 1999) (unpublished).  On August 8, 2013, Plaintiff's only remaining counsel, Mark A. Flores, filed this motion to withdraw.  (Dkt. Nos. 42; 43.)  Although Counsel has represented Plaintiff in this matter for nearly three years (Dkt. No. 2), he now seeks to withdraw due to "[o]ngoing ineffective communication" between him and Plaintiff (Dkt. No. 43 at 1).

In deciding this motion, the Court notes that Plaintiff refused to consent to Counsel's withdrawal.  (*Id.*)  The Court also notes that under District Judge Shelby's order (Dkt. No. 40), the parties only have fifteen days remaining to conduct a mediation.  Similarly, the Court surmises that a new trial date is imminent given District Judge Shelby's resolution on the summary judgment motion.  Given the late stage of litigation, the Court **DENIES** Counsel's motion.  (Dkt. Nos. 42; 43.)

Allowing Counsel to withdraw under a looming mediation deadline, and on the eve of trial readiness, would undoubtedly disrupt progress in this nearly three-year-old case.  *See Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (factoring "impending deadlines" into withdrawal analysis); *Whiting v. Lacara*, 187 F.3d 317, 321 (2d. Cir. 1999) (noting that district courts typically consider whether withdrawal will disrupt the prosecution of a suit); *Malarky v. Texaco,*

---

[1] Plaintiff's first cause of action alleges that Defendant Moore used excessive force when he tasered Plaintiff during an arrest.  (Dkt. No. 19 at 10-11.)

*Inc.*, No. 81 Civ 5224 (CSH), 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (unpublished) (denying motion to withdraw filed "on the verge of trial readiness . . . .").

Allowing Plaintiff's longstanding counsel to withdraw would also prejudice Plaintiff where he would have little more than two weeks to locate new counsel for his mediation, or risk attending *pro se* despite the contentious evidentiary issues involved with his first cause of action. *See Brandon*, 560 F.3d at 538 (noting a district court may forbid withdrawal if it would cause "severe prejudice" to the client).

## IV. ORDERS

For the reasons discussed above, the Court **DENIES** Mark A. Flores' motion to withdraw as Plaintiff's counsel. (Dkt. Nos. 42; 43.)

Dated this 28th day of August, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge